**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| Nichole Marie Hoffman<br>f/k/a Nichole Marie Reinard<br>**Debtor 1** | **Chapter** 13<br><br>**Case No.** 1:19-BK-00835-HWV<br><br>**Matter:** Motion for Mortgage Modification |
|---|---|

## DEBTOR(S)' MOTION FOR MORTGAGE MODIFICATION

AND NOW, come the Debtor(s), Nichole Marie Hoffman, through their attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion for Mortgage Modification and aver as follows:

1. This case was commenced on February 28, 2019, when Debtor(s) filed a voluntary Petition for relief under Chapter 13 of the Bankruptcy Code.
2. The Chapter 13 Plan proposes to cure arrears owed on their mortgage with Flagstar Bank, FSB.
3. Flagstar Bank, FSB holds a valid first mortgage against Debtor(s)' personal residence located at 3806 Hearthstone Road, Camp Hill, Cumberland County, Pennsylvania.
4. Flagstar Bank, FSB has offered the Debtor(s) a Loan Modification on the first mortgage with the following terms:
   a. Under the modified Note, the new unpaid principle balance due on the first mortgage is $240,907.71;
   b. Upon modification, the annual rate of interest charged on the unpaid principal balance of the loan will be reduced to a fixed rate of 3.8750%; and
   c. Debtor(s)' estimated new mortgage monthly payment on principle and interest balance will be in the amount of $1,132.84.

   A copy of the Loan Modification Agreement is attached hereto as Exhibit "A".
5. The loan modification is in the best interest of the Debtor(s) as it lowers their monthly payment and interest rate on the remaining principal balance owed on the mortgage and cures almost all pre-petition arrearages.

**WHEREFORE**, the Debtor(s) respectfully request this Honorable Court to approve the Mortgage Modification with Flagstar Bank, FSB.

Respectfully submitted,
**DETHLEFS PYKOSH & MURPHY**

Dated: January 7, 2020

/s/ Paul D. Murphy-Ahles
________________________________

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

This Document Prepared By:
**SHANNON**
**FLAGSTAR BANK, FSB**
**532 RIVERSIDE AVE.**
**JACKSONVILLE, FL 32202**
**800-393-4887**

When Recorded Mail To:
**FIRST AMERICAN TITLE CO.**
**FAMS – DTO RECORDING**
**3 FIRST AMERICAN WAY**
**SANTA ANA, CA 92707-9991**

**Tax/Parcel #: 10-20-1848-200**

______________________ **[Space Above This Line for Recording Data]** ______________________

**Original Principal Amount: $213,448.00** **FHA/VA/RHS Case No.:**
**Unpaid Principal Amount: $194,057.78** **Loan No:**
**New Principal Amount: $240,907.71**
**New Money (Cap): $46,849.93**

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this **3RD** day of **JANUARY, 2020**, between **NICHOLE M. HOFFMAN, AN ADULT INDIVIDUAL** ("Borrower"), whose address is **3806 HEARTHSTONE RD, HAMPDEN TOWNSHIP, PENNSYLVANIA 17050** and **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA** ("Lender"), whose address is **532 RIVERSIDE AVE., JACKSONVILLE, FL 32202**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **MAY 30, 2012** and recorded on **JUNE 15, 2012** in **INSTRUMENT NO. 201217836**, of the **OFFICIAL** Records of **CUMBERLAND COUNTY, PENNSYLVANIA**, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**3806 HEARTHSTONE RD, HAMPDEN TOWNSHIP, PENNSYLVANIA 17050**
(Property Address)

the real property described is located in **CUMBERLAND COUNTY, PENNSYLVANIA** and being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **FEBRUARY 1, 2020** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$240,907.71**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, in the amount of U.S. **$46,849.93.**

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.8750%**, from **FEBRUARY 1, 2020.** The Borrower promises to make monthly payments of principal and interest of U.S. **$1,132.84**, beginning on the **1ST** day of **MARCH, 2020**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **FEBRUARY 1, 2050** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may require immediate payment in full of all sums secured by this Security Instrument.

   If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4. The Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever cancelled, null and void, as of the date specified in Paragraph No. 1 above:
   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and
   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by**

**entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, I have executed this Agreement. Nicole Hoffman

Nichole Reinard nka Nichole Hoffman 1/7/2020

Borrower: **NICHOLE REINARD** Date

[Space Below This Line for Acknowledgments]

**BORROWER ACKNOWLEDGMENT**

State of Pennsylvania
County of Cumberland

This record was acknowledged before me on January 7, 2020 (date) by NICHOLE REINARD (name(s) of individual(s)). nka Nichole Hoffman

Kathryn S Greene

Signature of notarial officer

(Stamp)

Commonwealth of Pennsylvania - Notary Seal
Kathryn S. Greene, Notary Public
Cumberland County
My commission expires August 13, 2020
Commission number 1271279
Member, Pennsylvania Association of Notaries

Kathryn S Greene

Printed Name and Title of office

My commission expires: 08-13-2020

In Witness Whereof, the Lender has executed this Agreement.

**PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**

By ______________________________ (print name) (title) ____________ Date

____________ [Space Below This Line for Acknowledgments] ____________

**LENDER ACKNOWLEDGMENT**

STATE OF ____________

COUNTY OF ____________

The foregoing instrument was acknowledged before me this ____________

by ____________, ____________, of **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**, a company, on behalf of the company. He/She is personally known to me or who has produced ____________ as identification.

____________

Notary Public

Printed Name: ____________

My commission expires: ____________

**EXHIBIT A**

**BORROWER(S): NICHOLE M. HOFFMAN, AN ADULT INDIVIDUAL**

**LOAN NUMBER:**

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the STATE OF PENNSYLVANIA, COUNTY OF CUMBERLAND, CITY OF HAMPDEN TOWNSHIP, and described as follows:**

**ALL THAT CERTAIN TRACT OF LAND SITUATE IN HAMPDEN TOWNSHIP, CUMBERLAND COUNTY, PENNSYLVANIA, MORE PARTICULARLY BOUNDED AND DESCRIBED AS FOLLOWS:**

**BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF HEARTHSTONE ROAD, WHICH POINT IS 132.46 FEET IN A SOUTHERLY DIRECTION FROM THE SOUTHWEST CORNER OF CANDLE LIGHT DRIVE AND HEARTHSTONE ROAD AT THE DIVIDING LINE BETWEEN LOT NO. 19, BLOCK F, PLAN 4 OF PINEBROOK, WHICH PLAN IS RECORDED IN THE CUMBERLAND COUNTY RECORDER OF DEED'S OFFICE IN PLAN BOOK 15, PAGE 41, AND LOT NO. 18, BLOCK F OF THE HEREINAFTER MENTIONED PLAN; THENCE BY SAID LOT LINE SOUTH 60 DEGREES 48 MINUTES 45 SECONDS EAST 103.68 FEET TO A POINT AT THE DIVIDING LINE BETWEEN LOT NO. 20, BLOCK F, PLAN 4, AFORESAID, AND LOT NO. 18, BLOCK F OF THE PLAN; THENCE BY SAID LOT LINE SOUTH 11 DEGREES 20 MINUTES 30 SECONDS EAST 110.15 FEET TO A POINT AT THE DIVIDING LINE BETWEEN LOT NO. 3, BLOCK F, PLAN 4 AFORESAID, AND LOT NO. 18, BLOCK F OF THE PLAN; THENCE BY SAID LOT LINE SOUTH 62 DEGREES 27 MINUTES WEST 60.60 FEET TO A POINT AT THE DIVIDING LINE BETWEEN LOTS NOS. 17 AND 18, BLOCK F OF THE PLAN; THENCE BY SAID DIVIDING LINE NORTH 43 DEGREES 32 MINUTES WEST 162.45 FEET TO A POINT ON THE SOUTHERLY SIDE OF HEARTHSTONE ROAD; THENCE BY HEARTHSTONE ROAD ON AN ARC CURVING TO THE LEFT HAVING A RADIUS OF 290 FEET, AN ARC DISTANCE OF 87.46 FEET TO THE DIVIDING LINE BETWEEN LOT NO. 19, BLOCK F, PLAN F AND LOT NO. 18, BLOCK F OF THE PLAN, THE PLACE OF BEGINNING.**

**BEING ALL OF LOT NO. 18, BLOCK F, PLAN NO. 5 OF PINEBROOK AS RECORDED IN THE CUMBERLAND COUNTY RECORDER OF DEED'S OFFICE IN PLAN BOOK 17, PAGE 4.**

**ALSO KNOWN AS: 3806 HEARTHSTONE RD, HAMPDEN TOWNSHIP, PENNSYLVANIA 17050**

## Addendum

This Addendum is made a part of that Loan Modification Agreement entered into between **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA** (the "Lender") and **NICHOLE M. HOFFMAN, AN ADULT INDIVIDUAL** (the "Borrower") dated **JANUARY 3, 2020** the "Loan Modification Agreement").

Notwithstanding anything to the contrary contained in the Loan Modification Agreement, the parties hereto acknowledge the effect of a discharge in bankruptcy that may have been granted to the Borrower prior to the execution hereof and that the Lender may not pursue the Borrower for personal liability. However, the parties acknowledge that the Lender retains certain rights, including but not limited to the right to foreclose its lien under appropriate circumstances. The parties agree that the consideration for this Agreement is the Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of the Borrower's default of its obligations thereunder. Nothing herein shall be construed to be an attempt to collect against the Borrower personally or an attempt to revive personal liability.
Notwithstanding any monthly payments hereunder, Borrower understands that (1) Lender's sole recourse is the enforcement of its security interest in the Property and any action which may exist in relation to the Property itself and that (2) nothing in this Agreement revives or purports to revive any debt, or create any personal liability or obligation for a debt, that was discharged in bankruptcy.

Lender Signature ________________________ Date ________
By:
Title:

Nichole Hoffman
[signature] nka [signature] 1/7/2020

Borrower: **NICHOLE REINARD** Date

Date: **JANUARY 3, 2020**
Loan Number:
Lender: **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**

Borrower: **NICHOLE REINARD**

Property Address: **3806 HEARTHSTONE RD, HAMPDEN TOWNSHIP, PENNSYLVANIA 17050**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

Michele Hoffman
[signature] AKA [signature] 1/7/2020

Borrower: **NICHOLE REINARD** **Date**

10232019_45

Date: **JANUARY 3, 2020**
Loan Number:
Lender: **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**

Borrower: **NICHOLE REINARD**

Property Address: **3806 HEARTHSTONE RD, HAMPDEN TOWNSHIP, PENNSYLVANIA 17050**

# ERRORS AND OMISSIONS COMPLIANCE AGREEMENT

In consideration of **PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender. Nichole Hoffman

[signature] nka [signature] 1/7/2020

Borrower: **NICHOLE REINARD** **Date**

10232019_45

# CERTIFICATE OF RESIDENCE

**TITLE OF DOCUMENT**
**LOAN MODIFICATION AGREEMENT (MORTGAGE)**

**BETWEEN:**
**NICHOLE REINARD** (assignor/Mortgagor/grantor)

**AND:**
**PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA** (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**PINGORA LOAN SERVICING, LLC, BY FLAGSTAR BANK FSB, ATTORNEY IN FACT UNDER LIMITED POA**
**532 RIVERSIDE AVE.**
**JACKSONVILLE, FL 32202**

*By:* ________________________________

*Print Name:* ___________________________

*Title:* _______________________________

04052011_StateSpecific_48



**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| | |
|---|---|
| Nichole Marie Hoffman<br>f/k/a Nichole Marie Reinard<br>**Debtor 1** | **Chapter** 13<br><br>**Case No.** 1:19-BK-00835-HWV<br><br>**Matter:** Motion for Mortgage Modification |

**ORDER OF COURT**

UPON CONSIDERATION Debtor(s)' Motion for Mortgage Modification, and the Court finding that the relief prayed for is warranted and proper under the circumstances, and the Court being otherwise fully advised:

IT IS THEREFORE ORDERED that Debtor(s)' Motion is hereby GRANTED; and Debtor(s) and Flagstar Bank, FSBare granted APPROVAL by the Court to enter into the Mortgage Modification.

**UNITED STATES BANKRUPTCY COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| Nichole Marie Hoffman<br>f/k/a Nichole Marie Reinard<br>**Debtor 1** | **Chapter** 13<br><br>**Case No.** 1:19-BK-00835-HWV<br><br>**Matter:** Motion for Mortgage Modification |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, January 7, 2020, I served a true and correct copy of the **Debtor(s)' Motion for Mortgage Modification and proposed Order** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ Kathryn S. Greene
__________________________________
Kathryn S. Greene, Pa.C.P., Paralegal for
Paul D. Murphy-Ahles, Esquire

Label Matrix for local noticing
0314-1
Case 1:19-bk-00835-HWV
Middle District of Pennsylvania
Harrisburg
Tue Jan 7 11:15:58 EST 2020

Ally Financial
200 Renaissance Center
Detroit, MI 48243-1300
DUPLICATE

Ally Financial
PO Box 130424
Roseville, MN 55113-0004

(p)AMERICAN HONDA FINANCE
P O BOX 168088
IRVING TX 75016-8088

American InfoSource, LP
4515 North Santa Fe Avenu
Oklahoma City, OK 73118-7901

Arcadia Recovery Bureau
645 Penn Street, 4th Floor
Reading, PA 19601-3559

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Bureau of Account Management
3607 Rosemont Avenue, Suite 502
PO Box 8875
Camp Hill, PA 17001-8875

Capital One Bank / Kohl's
N56 West 17000 Ridgewood Drive
Menomonee Falls, WI 53051

Capital One, N.A.
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Citi
PO Box 6241
Sioux Falls, SD 57117-6241

Credit Control, LLC
PO Box 31179
Tampa, FL 33631-3179

Robert Joseph Davidow
Phelan, Hallinan, Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103-1814
ELECTRONIC

Charles J DeHart, III (Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036-8625
ELECTRONIC

Mario John Hanyon
Phelan Hallinan & Schmieg
1617 JFK BLVD
Suite 1400
Philadelphia, PA 19103-1814
ELECTRONIC

Nichole Marie Hoffman
3806 Hearthstone Road
Camp Hill, PA 17011-1425

Holy Spirit Hospital
c/o Geisinger Health System
PO Box 983034
Boston, MA 02298-3034

IC System
PO Box 64378
Saint Paul, MN 55164-0378

Lavin, O'Neil, Cedrone & DiSipio
6th & Race Streets
190 North Independence Mall W #500
Philadelphia, PA 19106-1557

McClure Law Office
725 Maple Road
PO Box 65
Middletown, PA 17057-0065

Members 1st FCU
5000 Louise Drive
Mechanicsburg, PA 17055-4899

Mortgage Service Center
2001 Bishops Gate Boulevard
Po Box 5452
Mount Laurel, NJ 08054-5452

Paul Donald Murphy-Ahles
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011-4706
ELECTRONIC

National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111-1036

PINGORA LOAN SERVICING INC
FLAGSTAR BANK F.S.B.
5151 CORPORATE DRIVE, SUITE 3-142
TROY MI 48098-2639

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021
DUPLICATE

Partners in Women's Healthcare
1 Lemoyne Square, Suite 201
Lemoyne, PA 17043-1230

Pediatrix Medical Group
PO Box 100445
Atlanta, GA 30384-0445

Phelan Hallinan Diamond & Jones
One Penn Center Plaza
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103-1814
DUPLICATE

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA 98083-0788

Ratchford Law Group, PC
409 Lackawanna Avenue, Suite 320
Scranton, PA 18503-2059

Thomas Song
Phelan Hallinan Diamond & Jones
1617 JFK Boulevard
Suite 1400
Philadelphia, PA 19103-1814

ELECTRONIC

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank / Toys R Us
Attn: Bankruptcy Department
PO Box 965060
Orlando, FL 32896-5060

Transworld Systems, Inc.
PO Box 15609
Wilmington, DE 19850-5609

US Department of HUD
451 7th Street SW
Washington, DC 20410-0001

United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101-1722

ELECTRONIC

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX 77210-4457

Westlake Financial Services
4751 Wilshire Boulevard, Suite 100
Los Angeles, CA 90010-3847

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Honda Finance
PO Box 168088
Irving, TX 75016

(d)American Honda Finance Corporation
National Bankruptcy Center
P.O. Box 168088
Irving, TX 75016-8088

Portfolio Recovery Associates, LLC
PO Box 41067
Norfolk, VA 23541-1067

(d)Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PINGORA LOAN SERVICING, LLC

| End of Label Matrix | |
|---|---|
| Mailable recipients | 39 |
| Bypassed recipients | 1 |
| Total | 40 |